IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAXIMINO VELEZ, )<br>ID # 1439844 )<br>Petitioner, )<br>vs. )<br> )<br>RICK THALER, Director, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>Respondent. ) | | No. 3:10-CV-1427-L (BH)<br><br>Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation.

### I. BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is Rick Thaler, Director of TDCJ-CID.

On May 3, 2007, a jury convicted petitioner of aggravated sexual assault in Cause No. F05-19419-LJY and sentenced him to fifty years of imprisonment. (Petition (Pet.) at 2). He appealed his conviction and sentence, and the Fifth District Court of Appeals affirmed in an unpublished opinion on July 14, 2008. *Velez v. State*, No. 05-07-00569-CR, 2008 WL 2719987 (Tex. App. – Dallas, 2008, pet. ref'd). Petitioner filed a petition for discretionary review that was refused on November 5, 2008 (PD-1050-08). He did not file a petition for discretionary review with the Supreme Court.

On March 26, 2010, petitioner filed his state application for writ of habeas corpus. (State

Habeas Transcript at 2).[1] The Court of Criminal Appeals denied the application without a written order based on the findings of the trial court without an evidentiary hearing on June 6, 2010. (S.H.Tr.:cover). Petitioner mailed his federal petition on June 14, 2010. (Pet. at 9). Respondent responded on November 15, 2010, and furnished the state court records. No reply brief was filed.

## II. STATUTE OF LIMITATIONS

### A. <u>Antiterrorism and Effective Death Penalty Act of 1996</u>

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date, including that of petitioner. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

---

[1] Petitioner claims that he filed his state habeas application on November 12, 2009, when he dropped it in the prison mailbox. (Pet. at 3). The state court records reflect that the state application was file-stamped on March 26, 2010, however. (S.H.Tr.:2). Even assuming that petitioner mailed his state application in November of 2009, state habeas applications are deemed filed when actually filed with the state court under Texas state law. Accordingly, the Fifth Circuit has declined to impose the prison mailbox rule upon the filing requirements for state habeas applications. *Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007).

Petitioner did not file any petition for writ of certiorari with the United States Supreme Court after his PDR was refused by the Court of Criminal Appeals. His state conviction became final for purposes of § 2244(d) by the expiration of the ninety-day time frame for seeking further review after the Texas Court of Criminal Appeals refused the petition for discretionary review. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows ninety days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13. Petitioner's PDR was refused on November 5, 2008, so his state conviction became final ninety days later, on February 3, 2009.

Petitioner has not alleged a state-created impediment under subparagraph (B) that prevented him from filing his federal petition or any new constitutional right under subparagraph (C). The one-year statute of limitations is therefore calculated from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

With regard to subparagraph (D), the facts supporting petitioner's claims became known or could have become known prior to the date his state judgment of conviction became final on February 3, 2009. Because he filed his petition more than one year later, a literal application of § 2244(d)(1) renders his June 14, 2010 filing[2] untimely.

## B. Tolling

Section 2244 mandates that "[t]he time during which a properly filed application for State

---

[2] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

3

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Here, the one-year limitations period expired on February 3, 2010, before petitioner filed his state writ application on March 26, 2010. The statutory tolling provision therefore does not save his federal petition

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549 (2010) (deciding that the timeliness provision in the AEDPA is subject to equitable tolling); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). The federal courts may equitably toll the limitations period of 28 U.S.C. § 2244(d)(1) in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). The Supreme Court has recently stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 130 S.Ct. at 2562, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). Courts must examine each case in order to determine whether there are sufficient exceptional circumstances present that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

4

Petitioner has the burden to show that he is entitled to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). He presents no argument or evidence in his petition that he was prevented from filing his federal petition or state application earlier, and he filed no reply brief in response to Respondent's assertion that his petition is time-barred. He has therefore failed to meet his burden to show that entitlement to any equitable tolling of the federal statute of limitations, and his federal petition is barred by the statute of limitations.

## IV. RECOMMENDATION

The petition for habeas corpus relief should be **DENIED with prejudice** as barred by the statute of limitations.

**SIGNED this 15th day of March, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE