IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MAXIMINO VELEZ, ID # 1439844**, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:10-CV-1427-L** |
| | § | |
| **RICK THALER, Director**, | § | |
| **Texas Department of Criminal Justice**, | § | |
| **Correctional Institutions Division**, | § | |
| | § | |
| Respondent. | § | |

# ORDER

Before the court is Maximino Velez's Petition for Writ of Habeas Corpus, filed July 20, 2010. This case was referred to Magistrate Judge Irma Carrillo Ramirez, who entered her Findings, Conclusions, and Recommendation ("Report") on March 15, 2011. Petitioner filed no objections to the Report.

This is a habeas petition filed pursuant to 28 U.S.C. § 2254. Petitioner was convicted by jury on May 3, 2007, for aggravated sexual assault in state court. He was sentenced to fifty years imprisonment, and his conviction and sentence were confirmed by the Fifth District Court of Appeals on July 14, 2008. His petition for discretionary review was refused on November 5, 2008, and he elected not to file a petition for discretionary review with the Supreme Court of the United States. On March 26, 2010, Petitioner filed a state application for writ of habeas corpus, which the Texas Court of Criminal Appeals denied on June 6, 2010. He mailed his federal habeas petition on June 14, 2010.

Magistrate Judge Ramirez determined that this action is time-barred by the statute of limitations and recommends that the court deny the petition for writ of habeas corpus. Specifically,

**Memorandum Opinion and Order – Page 1**

the magistrate judge noted that Petitioner did not file a petition for writ of certiorari with the Supreme Court after his petition for discretionary review was denied by the Court of Criminal Appeals. This meant that Petitioner's state conviction became final for the purposes of § 2244(d) on February 3, 2009, when he exhausted the subsequent ninety-day period for seeking further review. Because he mailed his federal petition on June 14, 2010, this action falls outside the one-year limitations period and is untimely. Moreover, Petitioner has not alleged, and the record does not reflect, that he is entitled to equitable tolling or that the impediments prompting his delay were state-created.

The court concludes that Petitioner's petition is time-barred. Having reviewed the petition, file, record, and Report in this case, the court determines that the magistrate judge's findings and conclusions are correct. The court **accepts** the findings and recommendation, and the court **denies** and **dismisses with prejudice** the petition for writ of habeas corpus.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
      **(a)**    **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
      (**b**)    **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 31st day of March, 2011.

Sam A. Lindsay
United States District Judge