IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MAXIMINO VELEZ, ID # 1439844**, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:10-CV-1427-L** |
| | § | |
| **RICK THALER, Director**, | § | |
| **Texas Department of Criminal Justice**, | § | |
| **Correctional Institutions Division**, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the court is Maximino Velez's Petition for Writ of Habeas Corpus, filed July 20, 2010. This case was referred to Magistrate Judge Irma Carrillo Ramirez, who entered her Findings, Conclusions, and Recommendation ("Report") on March 15, 2011. Petitioner filed objections to the Report on April 14, 2011.

This is a habeas petition filed pursuant to 28 U.S.C. § 2254. Petitioner was convicted by jury on May 3, 2007, for aggravated sexual assault in state court. He was sentenced to fifty years imprisonment, and his conviction and sentence were confirmed by the Fifth District Court of Appeals on July 14, 2008. His petition for discretionary review was refused on November 5, 2008, and he elected not to file a petition for discretionary review with the Supreme Court of the United States. On March 26, 2010, Petitioner filed a state application for writ of habeas corpus, which the Texas Court of Criminal Appeals denied on June 6, 2010. He mailed his federal habeas petition on June 14, 2010.

Magistrate Judge Ramirez determined that this action is time-barred by the statute of limitations and recommends that the court deny the petition for writ of habeas corpus. Specifically,

the magistrate judge noted that Petitioner did not file a petition for writ of certiorari with the Supreme Court after his petition for discretionary review was denied by the Court of Criminal Appeals. This meant that Petitioner's state conviction became final for the purposes of § 2244(d) on February 3, 2009, when he exhausted the subsequent ninety-day period for seeking further review, and he had one year from this date to file his petition in federal court. Because he mailed his federal petition on June 14, 2010, this action falls outside the one-year limitations period and is untimely. Moreover, Petitioner has not alleged, and the record does not reflect, that he is entitled to equitable tolling or that the impediments prompting his delay were state-created.

In his objections to the Report, Petitioner states that he was placed in the McConnell Unit on October 29, 2010. He further states that the person helping with his habeas petition was denied access to him for legal visits, and he alleges a state-created impediment causing his delay in mailing his habeas petition. He asserts that he placed his state application for writ of habeas corpus in the mail on November 12, 2009, instead of March 26, 2010, as the magistrate judge determined. He does not contest that his federal habeas petition was filed on June 14, 2010, or that his conviction became "final" for statute of limitations purposes on February 3, 2009. Because the record reflects that Petitioner did not seek discretionary review from the United States Supreme Court after the Texas Court of Criminal Appeals denied discretionary review on November 5, 2008, the court concludes, even if it accepts that Petitioner filed his state habeas application on November 12, 2009, that the filing of his federal habeas petition still fell outside of the one-year limitations period. Petitioner's objections are accordingly overruled.

The court concludes that Petitioner's federal habeas petition is time-barred. Having reviewed the petition, file, record, Report, and objections, the court determines that the magistrate

judge's findings and conclusions are correct, and they are **accepted** as those of the court. Accordingly, the court **denies** and **dismisses with prejudice** the petition for writ of habeas corpus.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.* The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 26th day of April, 2011.

Sam A. Lindsay
United States District Judge

---

*Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)**     **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    (**b**)     **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.