**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **MAXIMINO VELEZ,** ) | |
| **ID #1439844,** ) | |
| Petitioner, ) | |
| vs. ) | No. 3:10-CV-1427-L (BH) |
| ) | |
| **RICK THALER, Director,** ) | |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
| Respondent. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to an *Order of Reference*, filed August 15, 2011, before the Court for recommendation is *Petitioner's Motion to Alter or Amend Judgment with Brief and Affidavit in Support Pursuant to Fed. R. Civ. 59(e)*, filed on June 1, 2011 (doc. 18). Based on the relevant findings and applicable law, the motion should be denied.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2007 conviction for aggravated sexual assault on June 14, 2010. (Petition (Pet.) at 2, 9). Respondent filed a response on November 15, 2010, and no reply brief was filed by petitioner. On March 15, 2011, it was recommended that petitioner's habeas petition be denied with prejudice as barred by the statute of limitations. (doc. 10). The Court found that petitioner's conviction became final on February 3, 2009, that he filed his federal petition more than one year after that date, and that the one-year limitations period was not tolled by the filing of his state writ because he did not file his state writ application until March 26, 2010, although he claimed he had mailed it on November 12, 2009. *Id.* at 2-4. It also found that petitioner had not met his

burden to show entitlement to equitable tolling. *Id*. at 5.

On April 14, 2011, petitioner filed objections to the findings asserting, among other things, that his federal petition should be considered timely because he mailed his state habeas application on November 12, 2009, but it was not received by the state court until March 26, 2010. (doc. 15). On April 26, 2011, the court accepted the findings and issued a judgment denying the petition as barred by the statute of limitations. (docs. 16, 17).

On June 1, 2011, the Court received petitioner's Rule 59(e) motion, dated May 5, 2011. (doc. 18). He contends that his federal habeas petitioner should be considered timely filed because he mailed his state habeas application to the state court on November 12, 2009, he pursued his rights diligently, his prison unit's mail room prevented the timely filing of his state application, and equitable tolling should therefore be granted. He submits an affidavit from a fellow inmate, Michael McCann, averring that he helped petitioner with his legal work, that he submitted petitioner's state habeas application on November 12, 2009, that inmates in administrative segregation like petitioner experience mail room delays, and that the unit has been retaliating against petitioner. (doc. 18 at 5). In its response, respondent submitted mail records from petitioner's prison unit from November 12, 2009, to June 10, 2010. These records reflect that petitioner mailed two legal documents during this time period -- one to an attorney on February 11, 2010, and the other to the Dallas County district clerk on March 15, 2010. (Response, Appendix. B). Despite requesting an extension of time, petitioner did not file a reply to the response by the extended deadline of November 21, 2011.

## II.  FED. R. CIV. P. 59(e)

To prevail on a motion to alter or amend judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not

2

previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

### III. EQUITABLE TOLLING

Here, petitioner contends that the judgment was based on a mistake of fact. He alleges that he mailed his state writ application on November 12, 2009, even though the record reflects that it was file-marked by the state court on March 26, 2010, so he should be granted equitable tolling. (State Habeas Transcript at 2).[1]

The AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations

---

[1] If petitioner's state application were considered to have been filed on November 12, 2009, it would statutorily toll the one-year statutory limitations period, thereby rendering his federal petition timely. *See* 28 U.S.C. § 2244(d)(2). State habeas applications are deemed filed when actually filed with the state court under Texas state law, however. The Fifth Circuit has therefore declined to impose the prison mailbox rule upon the filing requirements for state habeas applications. *See Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007).

would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 130 S.Ct. at 2562, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, respondent submitted the relevant mail records from petitioner's prison unit reflecting that only two mailings -- one to an attorney on February 11, 2010, and one to the Dallas County district clerk on March 15, 2010. (Response, Appendix. B). As noted by respondent, the document mailed on March 15, 2010, appears to be petitioner's state writ, since it was marked as received by the state court eleven days later. The mail records do not support petitioner's claim that he mailed his state writ in November of 2009.[2]

Furthermore, contrary to petitioner's assertions, there is no evidence in the record that his

---

[2] Although Mr. McCann avers that he "submitted" petitioner's state writ on November 12, 2009, he does not state that he submitted the writ to the prison mailbox or that he mailed the writ on petitioner's behalf. (*See* doc. 18 at 5) Petitioner's objections to the initial recommendation state that he himself dated his writ November 12, 2009. (*See* doc. 15 at 1.) In addition, petitioner has never contended that Mr. McCann mailed the writ on his behalf, and his Rule 59(e) motion clearly states that he is the one who placed his petition in the prison mail box on November 12, 2009. (*See* doc. 18 at 2.) Finally, according to TDCJ policy on processing outgoing offender mail, "[n]o offender is to handle another offender's mail, either incoming or outgoing." (*See* doc. 24, App. A at 12.) Only the mail records for petitioner are therefore relevant to the issue of whether his state writ was mailed in November of 2009.

4

prison unit has withheld his legal mail. His state writ was denied on June 6, 2010. (S.H.Tr.:cover). His federal writ was dated by him on June 14, 2010, and received by this Court on July 20, 2010. (Pet. at 1, 9). Petitioner has also timely filed a motion for an extension of time to file objections to the findings issued in this case (doc. 13), objections to the findings (doc. 15), his 59(e) motion (doc. 18), and a motion to extend the time to file a reply (doc. 17). Petitioner's allegation that his prison unit held his state writ for over four months before mailing it to the state court is unsupported by the record.

Finally, while petitioner and Mr. McCann assert that petitioner's mail has been delayed because he is in administrative segregation (doc. 18 at 2, 5), petitioner's earlier objections stated that he was placed in administrative segregation on October 29, 2010. Therefore, this could not have been an issue in either November of 2009 or March of 2010. Contrary to his assertions, petitioner did not diligently pursue his right to file a state writ. The record also does not support his claim that an extraordinary circumstance prevented him from filing his state writ earlier. Petitioner has not met his burden to show that he is entitled to equitable tolling.[3] Therefore, his federal petition is barred by the statute of limitations, and his motion to alter or amend the judgment should be denied.

## IV. RECOMMENDATION

Petitioner's Rule 59(e) motion to alter or amend the judgment should be **DENIED**.

**SIGNED on this 23rd day of December, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] To the extent that petitioner's argument is also construed as a claim that the alleged failure to forward his state writ in a timely manner constituted an impediment to him filing his state writ under § 2254(d)(1)(B), he has also failed to present evidence to support this claim.

5

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

 A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6